# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

_____KRISTIAN SIMPSON_____, Plaintiff,

v.

_GC SERVICES LIMITED PARTNERSHIP, JOHN DOES, and JANE DOES_,
Defendant

_____
**COMPLAINT**
_____

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Kristian Simpson, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

2. Plaintiff Kristian Simpson (hereinafter "Kristian") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County in the following state: Adams County, in the state of Colorado.

3. Defendant GC Services Limited Partnership (hereinafter "Defendant GCS") is a citizen of the United States of America and is a collection agency and foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located in Harris County at the following address: 6330 Gulfton St., Suite 300, Houston, TX 77081-1198.

4. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

5. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the collectors may be joined as parties once their identities are disclosed through discovery.

6. Kristian is informed and believes, and thereon alleged, that Defendants use the instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant GCS acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

8.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

9.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

Case background:

10. This is an action for actual and statutory damages brought by Kristian, an individual consumer, against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

11.  Sometime before 2012, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

12.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant GCS for collection from Plaintiff.

13.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

14.  Defendant then within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection calls to Plaintiff prior to March 27 of 2012; seeking and demanding payment for an alleged consumer debt owed under an account number.

15.  Defendants, within one year of the filing of this complaint, called Kristian's workplace, spoke to her shift manager, and asked him to take a message for Kristian, which is improper contact with an unrelated third party without Kristian's consent under the FDCPA.

16. Defendants also alerted said shift manager to their identity and to Kristian's alleged debt with them without Kristian's consent.

17. Defendants utilized unfair and unconscionable means to collect on Kristian's alleged debt, by having improper contact with a third party who is unrelated to Kristian's alleged debt, without Kristian's consent.

18. The systematic campaign of harassment of Kristian by GCS has humiliated Kristian, causing her mental pain and anguish, severe emotional distress, anger, embarrassment, amongst other negative emotions.

## SUMMARY

19. All of the above-described collection communications made to Kristian by each individual Defendant and other collection employees employed by Defendant GCS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

20. The above-detailed conduct by these Defendants of harassing Kristian in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Kristian's privacy by an intrusion upon seclusion.

21. As a result of the acts alleged above, Defendant caused Kristian to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

22. Kristian suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

23. Defendants repeated attempts to collect this alleged debt from Kristian, a person whom did not owe this alleged debt, was an invasion of Kristian's privacy and her right to be left alone.

24. Defendants' illegal and abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Kristian.

## RESPONDEAT SUPERIOR LIABILITY

25. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant GCS who communicated with Kristian as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant GCS.

26. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant GCS in collecting consumer debts.

27.  By committing these acts and omissions against Kristian, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant GCS.

28.  Defendant GCS is therefore liable to Kristian through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Kristian.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

29. Kristian repeats, realleges, and incorporates the averments contained in all of the above paragraphs of her complaint as though fully set forth herein.

30. Defendants violated the FDCPA. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Kristian:

> i.   Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> ii.  Defendant violated *§1692c(b)* of the FDCPA by alerting third parties to Plaintiff's alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA.

31. As a result of the foregoing violations of the FDCPA, Defendants are liable to Kristian for actual damages, statutory damages, and costs and attorney fees.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

32. Kristian repeats, realleges, and incorporates the averments contained in all of the above paragraphs of her complaint as though fully set forth herein.

33.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

34. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

35. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Kristian, namely, by improperly contacting and alerting a third party to Kristian's alleged debt without her consent.

36. Defendants and their agents intentionally and/or negligently caused emotional harm to Kristian by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Kristian's right to privacy.

37. Kristian had a reasonable expectation of privacy in Kristian's solitude, seclusion, private concerns and affairs.

38. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Kristian, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

39. Defendants' acts as described above were done intentionally with the purpose of coercing Kristian to pay the alleged debt.

40. As a result of such intrusions and invasions of privacy, Defendants are liable to Kristian for actual damages in an amount to be determined at trial from each and every Defendant.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated:  March 28, 2012

RESPECTFULLY SUBMITTED,
Consumer Rights Law Firm, PLLC
By: /s/ Kevin Crick
Kevin Crick, Esq.
Consumer Rights Law Firm, PLLC
2 Dundee Park, Suite 201
Andover, Massachusetts 01810
Telephone: (978) 212-3300
Fax: (888) 712-4458
Email: kevinc@consumerlawfirmcenter.com
Attorney for Plaintiff Kristian Simpson